**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2491

_____

DESHAWN D. DRUMGO, SR.,
                                                    Appellant

v.

CAPTAIN REESE, Security - SCI-Frackville; LT. NEWBERRY, Security - SCI-
Frackville; DEPUTY SUPERINTENDENT MEINTEL; LT. MCCOY, SCI-Frackville;
C.O. TEDESCO, SCI-Frackville; SUPERINTENDENT BRITTEN, SCI-Frackville; LT.
ERDMAN, SCI-Frackville; C.O. WARFORD, SCI-Frackville; DEPUTY
SUPERINTENDENT GOURLEY, SCI-Frackville; SGT. BRANDON, SCI-Frackville;
JOHN DOE(S), SCI-Frackville; MAJOR WUDNER, SCI-Frackville

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:20-cv-02434)
District Judge: Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 16, 2023

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: November 16, 2023)

_____

_____

PER CURIAM

Appellant DeShawn D. Drumgo, Sr., proceeding pro se, appeals from the District Court's grant of summary judgment to the defendants. For the following reasons, we will affirm.

Drumgo, a state inmate, sued thirteen employees of SCI-Frackville, pursuant to 42 U.S.C. § 1983, alleging numerous constitutional violations relating to his placement in a "dry cell" after he was discovered with two visitors in the prison's women's restroom. Dkt. No. 1 at 5, 7, 16. He claimed that, during his one-day placement in the cell, correctional officers recorded, humiliated, and tortured him, and that the "pornographic" recording of him in the cell was passed throughout the facility. Id. at 9-14 & 16-19. He sought compensatory and injunctive relief. Id. at 5.

The defendants filed a motion for summary judgment. Dkt. No. 26. The District Court, over Drumgo's objections, adopted the Magistrate Judge's Report and Recommendation and granted the motion. See Dkt. Nos. 43 & 50. Drumgo filed a motion for reconsideration, then filed this appeal.[1] Dkt. Nos. 52 & 53.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court later denied Drumgo's motion for reconsideration, Dkt. No. 55, but Drumgo did not file another notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).

On appeal, Drumgo argues that the defendants violated the Eighth Amendment because the "sexual exploitation and humiliation" he experienced in the dry cell served no penological interest.[2] C.A. Dkt. No. 27 at 7-10. In his complaint, Drumgo alleged that officials "illicit[ly] film[ed]" his genitalia "in a pornographic manner" while he was naked and attempting to use the bathroom in the cell, and that officials tortured him by subjecting him to unhygienic conditions. Dkt. No. 1 at 7-8, 11-13, 15.

Administrative confinement in a dry cell is "unpleasant and often unsanitary," but "so long as the conditions of that confinement are not foul or inhuman, and are supported by some penological justification, they will not violate the Eighth Amendment." Thomas v. Tice, 948 F.3d 133, 139 (3d. Cir. 2020). The defendants here placed Drumgo in the dry cell with an apparent penological justification: to determine if he had ingested contraband while in the women's restroom with two visitors. Dkt. No. 27 at 2-3; see Overton v. Bazzetta, 539 U.S. 126, 134 (2003) (characterizing "deterring the use of drugs and alcohol within the prisons" as a legitimate goal). Records show that, during his placement, correctional officers gave Drumgo exercise time, meals, and medication, and his medical

---

[2] In his complaint, Drumgo referenced the Eighth Amendment only in his list of legal claims; he did not specifically identify how defendants violated his rights under the Amendment. Dkt. No. 1 at 5. The District Court "interpret[ed] his claim as challenging the conditions of his confinement in the dry cell in violation of his Eighth Amendment right to be free from cruel and unusual punishment." Dkt. No. 43 at 39.

examination thereafter showed no injuries.  Dkt. No. 27-3 at 10-11 & 18.  Drumgo pre-

sented no evidence that the officers "knew of and disregarded a substantial risk of harm"

or that the conditions were foul or inhuman in the cell.  Thomas, 948 F.3d at 138.  To the

extent Drumgo raised an Eighth Amendment sexual abuse claim in his complaint, beyond

bald assertions, Drumgo presented no evidence that officers "maliciously or sadistically"

sexually exploited, abused, or harassed him in the cell "for the very purpose of causing

harm."  Ricks v. Shover, 891 F.3d 468, 475-78 (3d Cir. 2018).  Accordingly, the District

Court properly granted summary judgment for the defendants on the claim.[3]

Drumgo also argues that the District Court erred by permitting the defendants to

withhold numerous video recordings from him during discovery.  C.A. Dkt. No. 27 at 1,

11, 13-14.  However, Drumgo neither filed a motion to compel nor brought any discovery

issue to the District Court's attention; at the end of the discovery period, he merely re-

quested an extension of time, which was granted.  Dkt. Nos. 22 & 23.  Because he failed

to alert the District Court to any discovery issue, including by appealing an aspect of the

Magistrate Judge's discovery management or filing a declaration pursuant to Federal

---

[3] Drumgo asserts on appeal that defendants retaliated against him by placing him in the cell and recording him because he invoked his Fifth Amendment right to remain silent. C.A. Dkt. No. 27 at 1 & 9-11.  Although he raised other First Amendment retaliation claims in his complaint, Dkt. No. 1 at 13, 15, 17-19, he did not raise this claim, so we cannot consider this argument on appeal, see Doe v. Mercy Catholic Med. Ctr., 850 F.3d 545, 558 (3d Cir. 2017).  Even if this argument were not forfeited, Drumgo's claim fails because the defendants had legitimate reasons related to a valid penological interest for placing Drumgo in the dry cell for one day.  See Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001).  Drumgo also cursorily argues that defendants retaliated against him by re-voking the visiting rights of one of the women discovered in the bathroom with him. C.A. Dkt. No. 27 at 2.  Drumgo provided no support for this assertion, so he has forfeited the argument.  See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016).

4

Rule of Civil Procedure 56(d), he did not preserve the issue for our review.[4]  See Cont'l

Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 252 (3d Cir. 1998); Radich v.

Goode, 886 F.2d 1391, 1393-94 (3d Cir. 1989).

Accordingly, we will affirm the judgment of the District Court.[5]

---

[4] Although Drumgo stated that the Magistrate Judge "failed to order full discovery" and "allowed [defendants] to evade turning over" requested documents, Dkt. No. 44 at 1, these assertions have no basis in the record and are forfeited as raised for the first time in objections to the R&R, see In re Nat'l Collegiate Student Loan Trusts, 971 F.3d 433, 444 (3d Cir. 2020).

[5] Drumgo also argues on appeal that the District Court improperly resolved disputed issues of material fact.  C.A. Dkt. No. 27 at 2, 5-6.  However, Drumgo does not identify those disputed facts and instead makes arguments about the merit of the District Court's legal determinations.  Drumgo also challenges the District Court's conclusion that the defendants are entitled to qualified immunity.  C.A. Dkt. No. 27 at 1 & 12.  However, we need not engage in the qualified immunity analysis because no constitutional violation occurred.  See Lamont v. New Jersey, 637 F.3d 177, 182 (3d Cir. 2011).